[*146] THE CORTLAND COUNTY MUTUAL INSURANCE COM-
PANY agt. MILTON S. LATHROP.

Same agt. REUBEN SAXTON.

Where pleas are served, not verified by affidavit, when they are required to be
under the rules, an attorney upon whom such pleas are served, if he regards
them as a nullity, is bound to return them immediately, or give notice that
they are regarded as a nullity.

The costs of one motion only will be allowed, where two or more separate mo-
tions contain substantially the same facts, and the same plaintiffs and attor-
neys; they may be made as one motion. (2 *Howard*, 33.)

*April Term*, 1846.

MOTION by defendant in each cause to set aside default and
subsequent proceedings, for irregularity.

Declaration was on a promissory note in writing, made by
defendant to the plaintiffs, on a policy of insurance, payable
in such portions and at such times as the directors of the plain-
tiffs might agreeably to their act of incorporation require : the
declaration counted upon this note, and described it in the
body of the declaration, but did not set out a copy of the note
at the close of the declaration, with a notice that it was the
only cause of action, &c. : there was but one count in the
declaration.  A copy of the declaration was served on defend-
ant's attorney, February 11th, 1846.  On the 25th February,
1846, defendant's attorney served on plaintiffs' attorney a copy
plea of the general issue, copy special plea in bar, and notice
of special matter in bar.  On the 7th March, 1846, plaintiffs'
attorney entered default for not pleading, and served on de-
fendant's attorney, on the 9th March, notice of assessment of
damages.  There was no affidavit verifying defendant's pleas,
nor other affidavit of merits by defendant.  Plaintiffs' at-
torney did not return the pleas, or give defendant's attorney
any notice that they would be disregarded, but treated them
as a nullity.

The facts in each cause were the same.  Defendant moved
on two sets of papers entitled in each cause separately.

W. H. SHANKLAND, *defendant's counsel and attorney.*
M. T. REYNOLDS, *plaintiffs' counsel.*
H. S. CONGER, *plaintiffs' attorney.*

BEARDSLEY, Justice. Set aside the inquest in each cause, with $10 costs of one motion, as both motions might have been included in one set of papers, the plaintiffs and attorneys being the same, and the facts the same. (2 *Howard*, 33.) The ground of the decision was, that the plaintiffs' attorney should either have returned the pleas or have given notice, immediately after their service, that he should treat them as a nullity.